UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANDREW HALL, on Behalf of Himself and on Behalf of All Others Similarly Situated,<br><br>　　Plaintiff,<br><br>V.<br><br>PIPELINE SAFETY, L.L.C.,<br><br>　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br><br>CIVIL ACTION NO. :<br>JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**COLLECTIVE ACTION & JURY DEMAND**

1. Defendant Pipeline Safety, L.L.C. ("Defendant") required Andrew Hall ("Plaintiff") to work more than forty hours in a workweek without overtime compensation. Defendant misclassified Plaintiff and other similarly situated workers throughout the United States as exempt from overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Defendant's conduct violates the FLSA, which requires non-exempt employees to be compensated for all hours in excess of forty in a workweek at one and one-half times their regular rates of pay. *See* 29 U.S.C. § 207(a). On behalf of himself and all other similarly situated employees, Plaintiff brings this action as a collective action under the FLSA, 29 U.S.C. § 216(b). Members of the collective action are referred to as the "FLSA Class Members."

**SUBJECT MATTER JURISDICTION AND VENUE**

3. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

1

4. Venue is proper in this District because a Defendant's United States headquarters is in this District, because Defendant does a sizeable portion of its business in this District, and many of the wrongs herein alleged occurred in this District.

## PARTIES AND PERSONAL JURISDICTION

5. Plaintiff Andrew Hall is an individual residing in St. Mary's Parrish, Louisiana. Plaintiff's written consent to this action is attached hereto as Exhibit "A." Plaintiff performed work for Defendant within the last three years for which he did not receive the FLSA's required overtime.

6. The FLSA Class Members are all current and former auditors, inspectors, and all employees in substantially similar positions that worked at any time during the three-year period before the filing of this Complaint that were paid on a day rate.

7. Defendant Pipeline Safety, L.L.C. is a limited liability company headquartered in Terrebonne Parish, Louisiana. Defendant may be served process through its registered agent Mary Riviere, 423 Goode St., Houma, Louisiana 70360.

## COVERAGE

8. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

9. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

10. At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

11. Furthermore, Defendant has an annual gross business volume of not less than $500,000.

12. At all material times, Plaintiff and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 207.

## FACTS

13. Defendant Pipeline Safety, L.L.C. is a pipeline services company that inspection, safety, and document management services to pipeline companies.

14. Plaintiff worked for Defendant as an NDE (Non-Destructive Examination) Auditor from 2012 until 2016.

15. Plaintiff worked for Defendant in multiple states for multiple clients, including in Louisiana, Ohio, and New York.

16. Plaintiff was responsible for performing visual inspections, non-destructive testing, and X-ray verification of the welds on pipelines owned and operated by Defendant's customers.

17. Defendant classified Plaintiff as an employee.

18. For his labor, Defendant paid Plaintiff a day rate but did not pay him overtime for his hours in excess of forty per week. In other words, Defendant misclassified Plaintiff as exempt.

19. Plaintiff is a non-exempt employee.

20. Defendant paid dozens of other auditors or inspectors classified as employees throughout the United States on the same day rate compensation system as Plaintiff.

21. Plaintiff and other auditors or inspectors commonly work in excess of 12 hours each day.

22. Auditors and inspectors usually work five to six days each week, for a schedule that equates into workweeks well exceeding 40 hours.

23. However, despite working overtime hours, Defendant does not pay its auditors or inspectors overtime because it pays the same flat day rate regardless on the number of hours worked.

24. No exemption in the FLSA shelters Defendant from paying overtime to its auditors or inspectors.

25. Auditors or inspectors like Plaintiff are not guaranteed a set number of days to work per week.

26. Auditors or inspectors like Plaintiff are not guaranteed a set weekly payment.

27. Auditors or inspectors are paid on a day rate basis, not on a salary basis.

28. Plaintiff was paid on a day rate basis, not on a salary basis.

29. Plaintiff was not paid time-and-a-half for all hours worked over forty in a given workweek.

30. Plaintiff worked overtime as defined in the FLSA.

31. Other auditors or inspectors employed by Defendant worked overtime as defined in the FLSA.

32. Because auditors or inspectors are paid on a day rate, the executive, administrative, or professional exemptions cannot apply.  *See* 29 C.F.R. §§ 541.100, 541.200, 541.300.

33. Auditors or inspectors do not supervise other employees or manage a customarily recognized department of Defendant's company.

34. Auditors or inspectors have no authority to hire or fire other employees.

35. Auditors or inspectors are field employees, not office employees.  They perform work related to Defendant's core business, not the management of the company's operations.

36. Auditors or inspectors also perform extensive physical labor to perform their inspection work.

37. The primary duty of an auditors or inspectors does not require independent judgment or discretion. Instead, auditors or inspectors are required to carry out their inspections according to detailed step-by-step procedures promulgated by Defendant or Defendant's customers.

38. The FLSA's regulations even provide that inspection work is non-exempt work:

> Ordinary inspection work generally does not meet the duties requirements for the administrative exemption. Inspectors normally perform specialized work along standardized lines involving well-established techniques and procedures which may have been catalogued and described in manuals and other sources. Such inspectors rely on techniques and skills acquired by special training or experience. They have some leeway in the performance of their work but only within closely prescribed limits.

29 C.F.R. 541.203(g).

39. Auditors or inspectors are not computer-systems analysts, computer programmers, software engineers, or other similar employees.

40. Despite these facts, Defendant misclassified its auditors or inspectors as exempt from overtime pay.

41. As a result of Defendant's pay policies, Plaintiff and other auditors or inspectors were denied overtime pay.

42. Defendant knew, or showed reckless disregard for whether Plaintiff and the other auditors or inspectors were entitled to overtime pay under the law.

## COUNT ONE: VIOLATION OF 29 U.S.C. § 207

43. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

44. Defendant's practice of failing to pay Plaintiff time-and-a-half for all hours worked in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

45. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are paid are applicable to Defendant, Plaintiff, or the FLSA Class Members.

## COLLECTIVE ACTION ALLEGATIONS

46. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

47. Plaintiff has actual knowledge that FLSA Class Members have also been denied overtime pay for hours worked over forty (40) hours in a workweek as a result of Defendant's misclassification of its employees.

48. Plaintiff's knowledge is based on his personal work experience and through communications with other workers of Defendant. Plaintiff personally worked with other auditors or inspectors under the same compensation structure at multiple job sites for Defendant.

49. Other workers similarly situated to the Plaintiff worked for Defendant throughout the United States, but were not paid overtime at the rate of one and one-half their regular rates of pay when those hours exceeded forty (40) hours in a workweek.

50. Although Defendant permitted and/or required FLSA Class Members to work in excess of forty (40) hours in a workweek, Defendant denied them full compensation for their hours worked over forty (40).

51. Defendant misclassified and continues to misclassify FLSA Class Members as exempt employees.

52. FLSA Class Members perform or have performed the same or similar work as Plaintiff and were misclassified as exempt by Defendant.

6

53. Plaintiff had the same job duties as other employees of Defendant who had the same job title as Plaintiff and worked for Defendant at any time during the three years prior to the filing of this lawsuit.

54. FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

55. As such, FLSA Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification as exempt employees and/or the denial of overtime pay.

56. Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of any FLSA Class Member.

57. Defendant employed at least 20 other auditors or inspectors within the last 3 years who were paid on a day rate.

58. Defendant employed at least 100 other auditors or inspectors within the last 3 years who were paid on a day rate.

59. Defendant employed at least 40 other employees with the same job title as Plaintiff who were not paid overtime.

60. Defendant employed at least 50 other employees with the same job title as Plaintiff who worked overtime for at least one week during their employment with Defendant and were not paid one and one-half times their regular rate of pay for all overtime hours worked.

61. The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of the FLSA Class Members.

62. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

63. All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) in a workweek.

64. Although the exact amount of damages may vary among the FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all FLSA Class Members.

65. As such, the class of similarly situated Plaintiffs for the FLSA Class is properly defined as follows:

> All current and former auditors or inspectors, and all employees with substantially similar duties, who worked for Defendant at any time during the three-year period before the filing of this Complaint to present that were paid a day rate.

## JURY DEMAND

66. Plaintiff and Class Members hereby demand trial by jury on all issues.

## PRAYER

67. For these reasons, Plaintiff prays for:

   a. An order designating the FLSA Class as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to all inspectors and all similarly situated employees to permit them to join this action by filing a written notice of consent;

   b. A judgment against Defendant awarding Plaintiff and the FLSA Class Members all their unpaid overtime compensation and liquidated damages;

   c. An order awarding attorneys' fees and costs;

   d. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ John Neuman*
John Neuman
JNeuman@smnlawfirm.com
Texas State Bar No. 24083560 (will apply for admission *pro hac vice*)
Beatriz-Sosa Morris
BSosaMorris@smnlawfirm.com
Texas State Bar No. 24076154 (will apply for admission *pro hac vice*)
SOSA-MORRIS NEUMAN
ATTORNEYS AT LAW
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8844
Facsimile: (281) 885-8813

**AND**


By: */s/ Robert B. Landry, III*
Robert B. Landry, III (18998)
**Robert B. Landry III PLC**
5420 Corporate Boulevard, Suite 204
Baton Rouge, Louisiana 70808
Office: (225) 349-7460
Facsimile: (225) 349-7466
rlandry@landryfirm.com

**Attorneys for Plaintiff and Class Members**