**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **ANDREW HALL, on behalf of himself and on behalf of all others similarly situated** | \* | **CIVIL ACTION NO: 2:17-CV-12623** |
| **VERSUS** | \* | **JUDGE SARAH S. VANCE** |
| **PIPELINE SAFETY, L.L.C.** | \* | **MAGISTRATE JUDGE KAREN WELLS ROBY** |

_____

**PIPELINE SAFETY'S ANSWER TO PLAINTIFF'S**
**ORIGINAL COMPLAINT, COLLECTIVE ACTION & JURY DEMAND**
_____

Defendant, Pipeline Safety, L.L.C. ("Pipeline Safety"), through undersigned counsel, responds to the Original Complaint, Collective Action & Jury Demand ("Complaint") filed by Plaintiff, Andrew Hall ("Plaintiff"), on behalf of himself and all others similarly situated, by denying each and every allegation contained therein, unless specifically admitted to below, and further responding as follows:

**<u>FIRST DEFENSE AND ANSWER TO COMPLAINT</u>**

1.

Defendant denies the allegations contained in Paragraph 1 of the Complaint.

2.

Defendant denies the allegations contained in Paragraph 2 of the Complaint.

3.

Paragraph 3 of the Complaint contains legal conclusions for which no answer is required. To the extent an answer is required, Pipeline Safety does not dispute that this Honorable Court has jurisdiction to hear this matter.

4.

Paragraph 4 of the Complaint contains legal conclusions for which no answer is required. To the extent an answer is required, Pipeline Safety does not dispute that venue is proper in the Eastern District of Louisiana.   Pipeline Safety admits that its corporate office is located in the Eastern District and that it conducts business in the Eastern District.   Except as stated, Pipeline Safety denies the allegations contained in Paragraph 4 of the Complaint.

5.

Pipeline Safety admits that Plaintiff was employed within the last three (3) years.   Pipeline Safety denies that Plaintiff was entitled to overtime.   Except as stated, Pipeline Safety denies the allegations contained in Paragraph 5 of the Complaint for lack of sufficient information to justify a belief therein.

6.

Pipelines Safety denies that a class of similarly situated employees exists so that certification (conditional or otherwise) is appropriate and further denies the allegations contained in Paragraph 6 of the Complaint.

7.

Pipeline Safety admits the allegations contained in Paragraph 7 of the Complaint.

8.

Paragraph 8 of the Complaint contains conclusions of law for which no answer is required. To the extent an answer is required, Pipeline Safety admits the allegations contained in Paragraph 8 of the Complaint.

9.

Paragraph 9 of the Complaint contains conclusions of law for which no answer is required. To the extent an answer is required, Pipeline Safety admits the allegations contained in Paragraph 9 of the Complaint.

10.

Paragraph 10 of the Complaint contains conclusions of law for which no answer is required.   To the extent an answer is required, Pipeline Safety admits the allegations contained in Paragraph 10 of the Complaint.

11.

Pipeline Safety admits the allegations contained in Paragraph 11 of the Complaint.

12.

Paragraph 12 of the Complaint contains conclusions of law for which no answer is required.   To the extent an answer is required, Pipeline Safety admits the allegations contained in Paragraph 12 of the Complaint.

13.

Pipeline Safety admits that it is a company that provides a variety of services to its clients, including consulting, project management, and bar coding/traceability to pipeline companies.

14.

Pipeline Safety admits that Plaintiff worked for it as an NDE Auditor.   Except as admitted, Pipeline Safety denies the allegations contained in Paragraph 14 of the Complaint.

15.

Pipeline Safety admits the allegations contained in Paragraph 15 of the Complaint.

16.

Pipeline Safety denies the allegations contained in Paragraph 16 of the Complaint.

17.

Pipeline Safety admits the allegations contained in Paragraph 17 of the Complaint.

18.

Pipeline Safety denies the allegations contained in Paragraph 18 of the Complaint.

19.

Pipeline Safety denies the allegations contained in Paragraph 19 of the Complaint.

20.

Pipeline Safety denies the allegations contained in Paragraph 20 of the Complaint.

21.

Pipeline Safety denies the allegations contained in Paragraph 21 of the Complaint.

22.

Pipeline Safety denies the allegations contained in Paragraph 22 of the Complaint.

23.

Pipeline Safety denies the allegations contained in Paragraph 23 of the Complaint.

24.

Pipeline Safety denies the allegations contained in Paragraph 24 of the Complaint.

25.

Pipeline Safety admits that NDE auditors are not guaranteed a set number of days to work per week.   Except as admitted, Pipeline Safety denies the allegations contained in Paragraph 25 of the Complaint as written.

26.

Pipeline Safety denies the allegations contained in Paragraph 26 of the Complaint.

27.

Pipeline Safety denies the allegations contained in Paragraph 27 of the Complaint.

28.

Pipeline Safety denies the allegations contained in Paragraph 28 of the Complaint.

29.

Pipeline Safety denies the allegations contained in Paragraph 29 of the Complaint as written.

30.

Pipeline Safety denies the allegations contained in Paragraph 30 of the Complaint as written.

31.

Pipeline Safety denies the allegations contained in Paragraph 31 of the Complaint as written.

32.

Pipeline Safety denies the allegations contained in Paragraph 32 of the Complaint.

33.

Pipeline Safety admits that Plaintiff did not manage a customarily recognized department of Pipeline Safety, but denies the remaining allegations contained in Paragraph 33 of the Complaint as written.

34.

Pipeline Safety admits the allegations contained in Paragraph 34 of the Complaint.

35.

Pipeline Safety denies the allegations contained in Paragraph 35 of the Complaint as written.

36.

Pipeline Safety denies the allegations contained in Paragraph 36 of the Complaint.

37.

Pipeline Safety denies the allegations contained in Paragraph 37 of the Complaint.

38.

Paragraph 38 of the Complaint contains statements for which no answer is required.

39.

Pipeline Safety admits the allegations contained in Paragraph 39 of the Complaint.

40.

Pipeline Safety denies the allegations contained in Paragraph 40 of the Complaint.

41.

Pipeline Safety denies the allegations contained in Paragraph 41 of the Complaint.

42.

Pipeline Safety denies the allegations contained in Paragraph 42 of the Complaint.

43.

Pipeline Safety adopts and incorporates its responses to Paragraphs 1-42 as if set forth herein *in extenso*.

44.

Pipeline Safety denies the allegations contained in Paragraph 44 of the Complaint.

45.

Pipeline Safety denies the allegations contained in Paragraph 45 of the Complaint.

46.

Pipeline Safety adopts and incorporates its responses to Paragraphs 1-45 as if set forth herein *in extenso*.

47.

Pipeline Safety denies that any individuals he seeks to represent have been unlawfully denied overtime pay.  Except as stated, Pipeline Safety denies the allegations contained in Paragraph 47 of the Complaint for lack of sufficient information to justify a belief therein.

48.

Pipeline Safety denies that any individuals he seeks to represent have been unlawfully denied overtime pay.  Except as stated, Pipeline Safety denies the allegations contained in Paragraph 48 of the Complaint for lack of sufficient information to justify a belief therein.

49.

Pipeline Safety denies the allegations contained in Paragraph 49 of the Complaint.

50.

Pipeline Safety denies the allegations contained in Paragraph 50 of the Complaint.

51.

Pipeline Safety denies the allegations contained in Paragraph 51 of the Complaint.

52.

Pipeline Safety denies the allegations contained in Paragraph 52 of the Complaint.

53.

Pipeline Safety admits that Plaintiff had the same or similar job duties as others NDE auditors.   Except as admitted, Pipeline Safety denies the allegations contained in Paragraph 53 of the Complaint.

54.

Pipeline Safety denies the allegations contained in Paragraph 54 of the Complaint.

55.

Pipeline Safety denies the allegations contained in Paragraph 55 of the Complaint.

56.

Pipeline Safety denies the allegations contained in Paragraph 56 of the Complaint.

57.

Pipeline Safety denies the allegations contained in Paragraph 57 of the Complaint.

58.

Pipeline Safety denies the allegations contained in Paragraph 58 of the Complaint.

59.

Pipeline Safety denies the allegations contained in Paragraph 59 of the Complaint.

60.

Pipeline Safety denies the allegations contained in Paragraph 60 of the Complaint.

61.

Pipeline Safety denies the allegations contained in Paragraph 61 of the Complaint.

62.

Pipeline Safety denies the allegations contained in Paragraph 62 of the Complaint.

63.

Pipeline Safety denies the allegations contained in Paragraph 63 of the Complaint.

64.

Pipeline Safety denies the allegations contained in Paragraph 64 of the Complaint.

65.

Pipeline Safety denies the allegations contained in Paragraph 65 of the Complaint.

66.

Paragraph 66 of the Complaint contains statements for which no answer is required.

## **SECOND DEFENSE**

Plaintiff and the individuals he seeks to represent fail to state a claim, in whole or in part, upon which relief may be granted.

## **THIRD DEFENSE**

Plaintiff and the individuals he seeks to represent were at all relevant times exempt from the overtime obligations of the FLSA as provided in, but not limited to, 29 U.S.C. § 213(a)(1).

## **FOURTH DEFENSE**

Pipeline Safety acted in conformity with interpretations of the FLSA.

## **FIFTH DEFENSE**

Pipeline Safety's actions were conducted in good faith and with reasonable grounds for believing that their actions were not in violation of the FLSA, and Pipeline Safety did not willfully

violate the FLSA; therefore, liquidated damages cannot be awarded as provided in 29 U.S.C. §
260.

## SIXTH DEFENSE

Any alleged violations of the FLSA were not willful, and therefore, any claims for
overtime pay that occurred more than two (2) years prior to the date Plaintiff filed his complaint
are barred by the two (2) year statute of limitations in 29 U.S.C. § 255.

## SEVENTH DEFENSE

Plaintiff is not entitled to conditional or final certification or to Court-facilitated notice
under 29 U.S.C. § 216(b) because Plaintiff is not similarly situated to the individuals he seeks to
represent, he has not defined the putative class clearly and objectively, and/or he cannot
adequately represent the interests of the putative class members.

## EIGHTH DEFENSE

To the extent sought, Plaintiff and the individuals he seeks to represent are not entitled to a
jury determination regarding attorney's fees or liquidated damages in a case brought pursuant to
29 U.S.C. §§ 216, 220.

## NINTH DEFENSE

Collective relief is inappropriate because the individual issues predominate over issues
generally applicable to the collective action.

## TENTH DEFENSE

Pipeline Safety denies liability, but alternatively asserts that it is entitled to offset
gratuitous or other pay provided to employees for non-compensable activities.

**ELEVENTH DEFENSE**

The claims of Plaintiff and others he seeks to represent may be time-barred, in whole or in part, under the applicable statutes of limitation.

**TWELFTH DEFENSE**

Pipeline Safety reserves the right to amend its answer by adding defenses, exceptions, counterclaims, cross claims, by instituting third party demands as additional facts are obtained through investigation and discovery. Pipeline Safety preserves, and does not waive, any affirmative defenses or any other matter constituting an avoidance or affirmative defense that discovery may reveal to be applicable.

Though not called upon to affirm or deny any prayer for relief, Pipeline Safety submits that Plaintiff is entitled to no remedy from Pipeline Safety.

Wherefore, Defendant, Pipeline Safety, L.L.C., prays that its answer be deemed good and sufficient and that, after due proceedings, there be judgment in its favor, and against Plaintiff, dismissing the suit at the Plaintiff's cost, and that Pipeline Safety be granted such other relief as justice and equity may require and permit.

Respectfully submitted,

JUNEAU DAVID, APLC

 /s/ *Robert J. David, Jr.*
ROBERT J. DAVID, JR. (#21554)
rjd@juneaudavid.com
1018 Harding Street, Suite 202
Post Office Drawer 51268
Lafayette, LA 70505-1268
Ph: (337) 269-0052
Fax: (337) 269-0061

Counsel for Pipeline Safety, L.L.C.

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all known counsel of record who are participants.

_____/s/ *Robert J. David, Jr.*_____
ROBERT J. DAVID, JR.