UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANDREW HALL, on behalf of himself and on behalf of all others similarly situated, | Case No: 2:17-cv-12623-BWA-KWR<br>FLSA Collective Action |
| v. | Judge Barry W. Ashe |
| PIPELINE SAFETY, L.L.C. | Magistrate Judge Karen Wells Roby |

**JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND STIPULATION OF DISMISSAL OF LAWSUIT WITH PREJUDICE**

Plaintiff Andrew Hall **("Plaintiff")** and Pipeline Safety, LLC **("Defendant")** (collectively **"Parties")** file this Joint Motion for Approval of FLSA Settlement and Stipulation of Dismissal of Lawsuit with Prejudice and in support would show as follows:

### I.     Summary

The Parties have reached a settlement of Plaintiff's claims related to unpaid overtime under the Fair Labor Standards Act, 29 U.S.C. 201 et. seq. **("FLSA")**.  This settlement was the result of arm's length negotiations conducted by experienced counsel for all parties, and after the exchange of necessary information.  The terms of this settlement are reasonable, appropriate, and fair to all involved.  Accordingly, the Parties ask the Court to approve this settlement and enter an Order dismissing this lawsuit.

### II. Background Information

This is an action brought by Plaintiff on behalf of himself and on behalf of all others similarly situated pursuant to the FLSA.  The lawsuit was filed on November 16, 2017.  In the lawsuit, Plaintiff alleged that Defendant failed to comply with the FLSA by failing to pay him and/or others overtime compensation.  Defendant paid Plaintiff a salary and a day bonus for days

actively worked. Plaintiff sought the recovery of unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and expenses, as well as such other and further relief to which Plaintiff and the purported class members might be entitled. Although, the Parties had tentatively reached an agreement regarding conditional certification, ultimately the Parties resolved the dispute and the Plaintiff did not move for conditional certification. Therefore, this settlement only affects the claims of Plaintiff Hall and does not involve the claims of any other employees of Defendant. Additionally, no other current or past employees of Defendant contacted Plaintiff's counsel regarding wage claims.

Defendant has at all times denied any liability or wrongdoing, and disputes Plaintiff's claims. However, Defendant has determined that in order to avoid the expenses and expenditures associated with continued litigation, it was in Defendant's best interest to resolve this lawsuit.

### III. Settlement

The Parties now seek Court approval of their agreed settlement documents. The settlement represents a fair compromise of a bona fide dispute concerning the compensation practices at issue and the hours worked by Plaintiff and others. This settlement is not a mere compromise of guaranteed substantive rights under the FLSA.

Prior to engaging in settlement discussions, the Parties independently and collectively engaged in thorough investigations of the claims and defenses at issue, which included formal discovery and voluntary provision of voluminous business records. Additionally, the Parties conducted an in-depth analysis of the potential damages, including reviewing and processing business records and conducting witness interviews. The Parties met face to face for discussions about the merits of the case and in person negotiations at Plaintiff's counsel's Houston office. These efforts provided all parties involved with great insight as to potential liability and the range

of recovery at issue. These efforts, coupled with the Parties' thorough preparation and familiarity with the facts and law surrounding Defendant's alleged failure to pay overtime compensation, allowed all Parties to intelligently, and in good faith, weigh both the risks and benefits of costly and time-consuming continued litigation.

The settlement was negotiated by attorneys who have substantial experience prosecuting and/or defending this and similar claims. Both sides have had considerable experience prosecuting and/or defending and settling federal and state wage and hour claims previously, and, in this case, were particularly well informed as to the facts and circumstances of the litigation.[1] After the Parties reached an agreement on the settlement, the Parties engaged in substantive negotiations concerning the specific terms of the settlement and the scope of the release. The settlement documents are the product of comprehensive discussion and negotiations.

The key details of the proposed settlement have been set forth in the Settlement and Agreement and Release which has been attached as Exhibit 1.

Three principal issues were at dispute in this case. First, the parties disputed whether the Plaintiff was exempt from overtime under the FLSA. Defendant contended that Plaintiff performed quality control duties that would exempt him under the administrative exemption and provided caselaw in support of its position and on which it relied in determining the position was exempt. *See* 29 C.F.R. § 541.201(b); *Brock v. Onshore Quality Control Specialists, Inc.*, 1987 WL 31308 (W.D. Tex. 9/29/87); *O'Dell v. Alyeska Pipeline Service Co.*, 856 F.2d 1452 (9th Cir. 1988). Plaintiff contended that his work was more akin to non-exempt inspection work. *See* 29

---

[1] *Austin v. Pennsylvania Dep't of Corrs.*, 876 F. Supp. 1437, 1472 (E.D. Pa. 1995) ("in determining the fairness of a proposed settlement, the court should attribute significant weight to the belief of experienced counsel that settlement is in the best interests of the class"); *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions,* 410 F. Supp. 659 (D. Minn. 1974)("The recommendation of experienced antitrust counsel is entitled to great weight."); *Fisher Brothers v. Phelps Dodge Indus., Inc.,* 604 F. Supp. 446 (E.D. Pa. 1985) ("The professional judgment of counsel involved in the litigation is entitled to significant weight.").

C.F.R. § 541.203(g). The parties also disputed the degree of discretion and independent judgment Plaintiff utilized to perform his work. *See* 29 C.F.R. 541.200(a)(3). This disagreement over the applicability of the exemption was a driving factor in this litigation because a finding that Plaintiff was covered by the exemption would mean that he was not entitled to any overtime regardless of the amount of hours he work.

The second central issue of contention was the number of hours Plaintiff worked. Because Defendant classified Plaintiff as exempt, it did not require that he clock in and out, but he was required to execute weekly sheets which listed hours worked. The parties disagreed on the number of hours and, by extension, regular and overtime hours Plaintiff worked. The effort to calculate hours was further complicated by the fact that Plaintiff worked a somewhat irregular schedule because he worked on as-needed basis only during the weeks when Defendant made work available to him. In the end, the parties negotiated a settlement using the assumption that for every day worked by Plaintiff he worked a 12 hour day. The amount that the settlement agreement provides to Plaintiff in his pocket, after deducting attorneys' fees and costs, equals approximately 162% of his damages using a 12 hour work day. Had this case been tried and the jury resolved the factual issue of the number of hours worked by Plaintiff at 10 hours a work day, then this settlement provides more that twice what Plaintiff's unpaid wages would be.

Third, the parties disputed whether the violation at issue here, to the extent Plaintiff would prevail on the merits, was a willful one. Defendant maintained that the cases cited herein and the advice of counsel precluded any finding of willfulness. This case was filed on November 16, 2017. Accordingly, absent a finding of willfulness, Plaintiff could only recover his wages from November 16, 2015 to the present. However, Plaintiff stopped working for Defendant in July of 2015. As such, even if Plaintiff were to prevail on the exemption issue and prove his hours worked,

if he could not prove willfulness, then we would not recover anything because the entirety of his claim falls outside the FLSA's default two-year statute of limitations. *See* 29 U.S.C. § 255.

## IV.  Approval of Settlement is Justified and the Lawsuit Should be Dismissed.

The Parties believe that the terms and conditions of this settlement are fair, reasonable, adequate, beneficial, and in the best interests of all parties. As noted above, this proposed settlement was reached following the exchange of information, data, and extensive negotiations. Because of the various defenses asserted by Defendant and the possibility that Defendant may have successfully defeated or limited some or all of Plaintiff's claims, including those claims related to willfulness, liquidated damages, and compensation for unpaid overtime, the Parties believe that the settlement represents a fair compromise of the claims. Moreover, given the financial uncertainty associated with continued litigation and the strong likelihood that absent a settlement, this case would have proceeded to trial, a compromise of the claims prevents all parties from incurring the additional costs and delay associated with a trial and appeal.

Therefore, the Parties request that the Court:

a. Approve this settlement, including all of the terms set forth in the Settlement Agreement; and

b. Sign the attached Order Approving the Settlement Agreement and dismiss this lawsuit with prejudice;

| | |
|---|---|
| Respectfully Submitted,<br>**FOR PLAINTIFF:** | Respectfully Submitted,<br>**FOR DEFENDANT:** |
| */s/Beatriz Sosa-Morris*<br>Beatriz Sosa-Morris<br>Texas Bar No.: 24076154<br>bsosamorris@smnlawfirm.com<br>John Neuman<br>Texas Bar No.: 24083560<br>jneuman@smnlawfirm.com<br>SOSA-MORRIS NEUMAN<br>ATTORNEY AT LAW<br>5612 Chaucer Drive<br>Houston, Texas 77005<br>Telephone: (281) 885-8844<br>Facsimile: (281) 885-8813 | /s/ *Robert J. David, Jr.*<br>Robert J. David, Jr.<br>Louisiana Bar No.: 21554<br>rjd@juneaudavid.com<br>1018 Harding Street, Suite 202<br>Post Office Drawer 51268<br>Lafayette, LA 70505-1268<br>JUNEAU DAVID, APLC<br>Telephone: (337) 269-0052<br>Facsimile: (337) 269-0061 |

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2018, a true and correct copy of the foregoing document was forwarded as indicated to all of the counsel of record via the Court's ECF system.

*/s/ Beatriz Sosa-Morris*
Beatriz Sosa-Morris