## SETTLEMENT AGREEMENT AND RELEASE

This SETTLEMENT AGREEMENT AND RELEASE ("Agreement") is entered into by and between: (1) ANDREW HALL ("PLAINTIFF"); and (2) PIPELINE SAFETY, LLC ("DEFENDANT") (all are collectively referred to herein as the "Parties"). This Agreement shall be effective on the first date on which it has been signed by both PLAINTIFF and DEFENDANT.

WHEREAS, PLAINTIFF alleges he was formerly employed by DEFENDANT;

WHEREAS, PLAINTIFF filed the lawsuit captioned *Andrew Hall individually and on behalf of all others similarly situated v. Pipeline Safety, LLC*, Case No. 2:17-cv-12623 in the Eastern District of Louisiana ("Lawsuit") alleging violations of the Fair Labor Standards Act ("FLSA");

WHEREAS, a bona fide dispute exists between the parties as to whether the PLAINTIFF is entitled to overtime, the number of overtime hours worked by PLAINTIFF, if any, and whether DEFENDANT willfully violated the FLSA, as well as the other claims asserted in the Lawsuit; and

WHEREAS, the Parties have determined it is in their best interests to resolve any and all claims asserted or which could have been asserted in the Lawsuit against DEFENDANT for PLAINTIFF'S employment with DEFENDANT from the beginning of time through the date this agreement is executed by Plaintiff.

NOW, THEREFORE, in exchange for the promises and consideration set forth below, the sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

**1.     Payments to PLAINTIFF.**  In consideration of the promises, releases, and covenants not to sue set forth in this Agreement, DEFENDANT agrees to pay PLAINTIFF and Sosa-Morris Neuman, PLLC the gross sum of Seventeen Thousand One Hundred Fifty Four Dollars and Seventy Six Cents ($17,154.76) as follows:

(a)     Four Thousand Six Hundred and Ninety Dollars and forty-four cents (**$4,690.44**) to PLAINTIFF representing the settlement of any and all claims asserted by PLAINTIFF in the Lawsuit for liquidated damages or claims that could have been asserted and that may relate to his alleged former employment for DEFENDANT with regards to liquidated damages. DEFENDANT will timely issue PLAINTIFF an IRS tax form 1099 for this payment.

(b)     Four Thousand Six Hundred and Ninety Dollars and forty-four cents (**$4,690.44**) minus applicable tax withholdings to PLAINTIFF representing the settlement of any and all claims asserted by PLAINTIFF in the Lawsuit with regards to unpaid wages or claims that could have been asserted and that may relate to his alleged former employment for DEFENDANT. DEFENDANT will timely issue PLAINTIFF an IRS tax form W-2 for this payment.



*Settlement Agreement and Release*

    (c) Seven thousand seven hundred and seventy-three Dollars and eight-eight cents (**$7,773.88**) to Sosa-Morris Neuman, PLLC representing settlement of any and all claims asserted by PLAINTIFF in the Lawsuit or that could have been asserted for attorneys' fees and costs. DEFENDANT will timely issue Sosa-Morris Neuman, PLLC a form 1099 for this payment. This payment will be made only after DEFENDANT's counsel receives an executed form W-9 from Sosa-Morris Neuman, PLLC.

    (d) The amounts described in the above referenced Paragraphs 1(a)-1(c) are hereafter referred to as the "Settlement Payment." PLAINTIFF acknowledges that the Settlement Payment is provided as compensation for the claims that were asserted or could have been asserted in the Lawsuit relating to his former employment with DEFENDANT, including any claims to costs and attorneys' fees incurred by him, and, thus, for his release of those claims.

    (e) Tax Obligations. PLAINTIFF is solely responsible for any and all tax obligations or other obligations under federal and/or state law pertaining to the receipt of the additional compensation in this Agreement, and PLAINTIFF hereby agrees to hold DEFENDANT harmless from any and all liability relating to such obligations.

    (f) DEFENDANT will provide the Settlement Payment to Sosa-Morris Neuman, PLLC within seven (7) business days of the effective date of this Agreement, which shall be the date PLAINTIFF and DEFENDANT have executed this Agreement. However, the Settlement Payment will not be deposited by PLAINTIFF or Sosa-Morris Neuman, PLLC until the Stipulation for Dismissal with Prejudice is filed in accordance with Paragraph 4 below.

  **2.** **Acknowledgment of Paid Wages.** PLAINTIFF acknowledges, after payment of the Settlement Payment, DEFENDANT has paid him all wages, including but not limited to, all paid time off, vacation or other leave time, overtime, and all other forms of wages or other compensation that may be due and owing to him as a result of any and all work he has ever performed for DEFENDANT during his employment with DEFENDANT. PLAINTIFF also acknowledges that except as provided in Paragraph 1 of this Agreement, he is not entitled to any wages, salary, reimbursements, benefits, interest, other compensation, or opportunities from DEFENDANT. PLAINTIFF acknowledges that his claims in the Lawsuit sought damages for alleged violations of federal wage and hour laws, that a bona fide dispute exists between the Parties as to the number of overtime hours he worked, if any, and the amount, if any, that is owed as a result of his other claims, and that the Settlement Payment represents a fair and good faith resolution of that bona fide dispute. PLAINTIFF thus acknowledges that his FLSA claims have thereby been fully compensated, not compromised or waived.

  **3.** **Release of PLAINTIFF's Claims against DEFENDANT.** Except as otherwise provided in this Agreement, PLAINTIFF forever and unconditionally releases DEFENDANT, and its parents, subsidiaries, related entities, insurers, successors, owners, directors, officers, shareholders, employees, attorneys, and agents, both current and former (collectively, the "Released Entities"), from every claim that exists or existed from the beginning of time through the date of this Agreement for any and all claims in connection with PLAINTIFF'S employment with DEFENDANT, whether known or unknown, including claims arising out of or relating in any way to PLAINTIFF's employment or his separation from employment with DEFENDANT, and including, without limitation, claims for the following:

*Settlement Agreement and Release*

(a) Alleged violations of the following laws: Title VII of the Civil Rights Act of 1964, as amended; the Americans with Disabilities Act, as amended; the Age Discrimination in Employment Act, as amended; the Civil Rights Acts of 1866, 1871, and 1991; the Family and Medical Leave Act, as amended; the Equal Pay Act of 1963; the FLSA; the Employee Retirement and Income Security Act; the Occupational Safety and Health Act; the Fair Credit Reporting Act; the Louisiana Employment Discrimination Law; the Louisiana Wage Payment Law; the Texas Minimum Wage Act; and any other federal, state, or local statute, law, regulation, or ordinance, including but not limited to any and all claims of employment discrimination based on race, color, creed, religion, national origin, sex, age, marital status, disability, sexual orientation, lawful off-duty conduct, or retaliation;

(b) Any and all common law claims, such as wrongful discharge, violation of public policy, defamation, negligence, infliction of emotional distress, any intentional torts, interference with or breach of contract, fraud, misrepresentation, invasion of privacy, and retaliation, including retaliation and other common law claims;

(c) Any and all claims for any of the following: money damages, including actual, compensatory, liquidated or punitive damages; equitable relief such as reinstatement or injunctive relief, front or back pay, wages, benefits, sick pay, vacation pay, liquidated damages; declaratory relief; costs; interest; expenses; attorneys' fees; or any other remedies;

(d) The releases and waivers in this Agreement shall not apply to rights and claims which arise from acts or events occurring after the date of this Agreement, or to claims for breach of this Agreement.

**4. Dismissal with Prejudice of Lawsuit.** In consideration for the Settlement Payment, PLAINTIFF and DEFENDANT agree to execute and file with the Court a Joint Stipulation of Dismissal necessary to dismiss and terminate the Lawsuit with prejudice against DEFENDANT within five (5) days of execution their respective Settlement Agreements by Plaintiff. **A copy of the Stipulation for Dismissal with Prejudice is attached as Exhibit A.** PLAINTIFF has not and will not file a charge, complaint, or claim in any court or state or federal agency or department pertaining in any way to the subject matter of the Lawsuit against DEFENDANT or that comes within the scope of Paragraph 3.

**5. Complete Agreement and Modifications.** This Agreement constitutes the entire agreement between the Parties with regard to the subject matter of this Agreement and, except as otherwise stated in this Agreement, supersedes all prior and contemporaneous representations, contracts or agreements of any nature between PLAINTIFF, DEFENDANT, and their respective attorneys. Any modification of any provision of this Agreement shall not be valid unless in writing and executed by the Parties. PLAINTIFF further agrees that the only representations made to him in order to obtain his consent to this Agreement are stated herein and that he is signing this Agreement voluntarily and without coercion, intimidation, or threat of retaliation and after consultation with legal counsel.

**6. Informed and Voluntary Execution.** The Parties represent they have read this Agreement, discussed it with their attorneys, and understand each of the terms of this Agreement.

*Settlement Agreement and Release*

The Parties further understand they have entered into and executed this Agreement voluntarily and willingly.

    **7.**    **No Admission of Liability.** This Agreement is not to be construed as an admission of liability on the part of any Party, that a violation of any federal, state, or local law or common law duty, or any wrongdoing whatsoever has been committed by any Party, nor does it constitute any factual or legal precedent or finding whatsoever and may not be used as evidence in any subsequent proceeding of any kind except in an action seeking to enforce its terms or alleging a breach of this Agreement. PLAINTIFF and DEFENDANT expressly deny any admission of liability.

    **8.**    **Severability.** If any provision of this Agreement shall be held invalid, illegal or unenforceable, the validity, legality, and enforceability of the remaining provisions of this Agreement shall not be impaired thereby.

    **9.**    **Counterparts.** This Agreement may be executed in separate counterparts, each of which is deemed to be an original and all of which taken together constitute one and the same Agreement. The execution of this Agreement by any party hereto, and the delivery of a copy thereof bearing an electronically scanned or facsimile signature shall be valid and enforceable and shall, for all purposes, be treated as an original signature.

    **10.**    **Attorneys' Fees and Costs.** Except as specifically provided herein, each Party will bear his or its own attorneys' fees and costs.

    **11.**    **Applicable Law and Venue.** Louisiana law shall govern the validity, effect, and interpretation of this Agreement. Venue for any claims that arise out of an alleged breach of any provision of this Agreement shall only be in a state or federal court in the State of Louisiana. The Parties hereby consent to the personal jurisdiction of such Court and agree that no other court or tribunal shall have any jurisdiction over the Parties or any claims that arise out of this Agreement.

    **12.**    **Additional Documents.** Each Party agrees it will execute such additional documents as may be reasonably requested by the other Party and each Party agrees it shall take any other action consistent with the terms of this Agreement that may be reasonably requested for purposes of effectuating the terms of this Agreement.

    **13.**    **Neutral Job Reference.** Upon inquiry about PLAINTIFF by a prospective employer, DEFENDANT shall only provide a neutral reference as to Plaintiff's dates of employment and position(s) held with no discussion as to his eligibility for rehire or performance or this lawsuit unless as otherwise required to be disclosed as part of a government investigation or compelled by law.

Settlement Agreement and Release

WHEREFORE, the Parties voluntarily and willingly enter into this Agreement by affixing their signatures on the lines set forth below.

By: _____
PLAINTIFF, ANDREW HALL

_____
WITNESS

11-6-18
Date

_____
WITNESS

By: _____
DEFENDANT, PIPELINE SAFETY, LLC

_____
WITNESS

11/6/18
Date

_____
WITNESS